```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/12/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

KYLE JENKINS,

                                Petitioner,

-v-

WILLIAM A. LEE, Superintendent,

                                Respondent.

------------------------------------------------------------------X

11 Civ. 6806 (PAE) (DF)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Petitioner Kyle Jenkins, proceeding *pro se*, brings this petition for a writ of habeas corpus (the "Petition") pursuant to 28 U.S.C. § 2254. Jenkins also moves for reconsideration of a prior decision denying his request to stay these proceedings while he exhausts additional claims. On August 11, 2014, Magistrate Judge Debra Freeman issued a Report and Recommendation, recommending that the Petition be denied. *See* Dkt. 34 (the "Report"). For the following reasons, the Court adopts the Report in its entirety.

## I.   Background and Procedural History[1]

Jenkins challenges his 2004 and 2005 convictions, following two week-long jury trials in New York State Supreme Court in Manhattan, for attempted robbery and second-degree murder. These charges resulted from the June 2003 death of Odessa Pullins, an 86-year-old woman, from multiple stab wounds sustained in connection with an attempted robbery.

---

[1] The Court's summary of the facts of this case is drawn from the detailed account of the facts provided in the Report.

In November 2003, police arrested Jenkins for an unrelated offense and took him to a nearby precinct, where he was repeatedly questioned by police detectives and prosecutors over the next 28 hours. During that time, Jenkins made numerous inculpatory statements orally, in writing, and on videotape. At a suppression hearing held in October 2004, Jenkins and the police detectives provided substantially different accounts of Jenkins' interrogation. Jenkins testified that the detectives threatened him and his family, subjected him to physical violence, deprived him of sleep, and denied his requests for a lawyer. His attorney therefore argued that his confessions were involuntary. By contrast, the detectives testified that Jenkins had been informed of his rights several times, never asked for a lawyer, and was not abused in any fashion in the course of the questioning. The presiding judge found that Jenkins' testimony was not credible and denied his motion to suppress his inculpatory statements.

Jenkins' first trial in November 2004 resulted in a guilty verdict as to the attempted robbery charge, and a mistrial with regard to the murder charge as the jury was unable to reach a unanimous verdict on that count. At Jenkins' second trial, the jury found him guilty of second-degree murder. During both trials, Jenkins testified regarding the allegedly coercive interrogations and the resulting untruthfulness of his confessions. Following the second trial, Jenkins was sentenced to concurrent prison terms of 15 years on the attempted robbery count and 22 and one-half years to life on the second-degree murder count.

On September 19, 2011, after exhausting his direct appeals, Jenkins filed this Petition. The Petition argues, in effect, that Jenkins' trials were tainted by involuntary confessions because (1) the detectives acted improperly in questioning Jenkins both before and after giving him *Miranda* warnings, and (2) the prosecutor failed to adequately warn Jenkins of his rights before taking his second videotaped statement. Jenkins repeatedly moved for a stay of his

2

Petition so that he could exhaust additional claims, *see* Dkt. 25, 29, 30; Judge Freeman denied the first of his requests, *see* Dkt. 27. On August 11, 2014, Judge Freeman issued the Report, recommending that the Court deny Jenkins' Petition and his motion to stay. Objections were originally due on August 28, 2014. Although the Court granted Jenkins a six-week extension of time to file objections, *see* Dkt. 34, Jenkins has not done so.

## II. Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC) (AJP), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Mims v. Walsh*, No. 04 Civ. 6133 (BSJ) (FM), 2012 WL 6699070, at *2 (S.D.N.Y. Dec. 23, 2012) (quoting *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006)).

Because Jenkins has not submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Freeman's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "[f]ailure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," Report at 46 (emphases omitted), the failure to object operates as a waiver of appellate review. *See Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (summary order) (quoting *Caidor v.*

3

*Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir.2008); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir.1992)).

## CONCLUSION

For the foregoing reasons, Jenkins' petition for a writ of habeas corpus is denied. In addition, the Court declines to issue a certificate of appealability. Jenkins has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. *See* 28 U.S.C. § 2253(c); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of Court is directed to close the case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: November 12, 2014
       New York, New York